## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **BHANDARA FAMILY LIVING TRUST** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **UNDERWRITERS AT LLOYD'S,** | § | |
| **LONDON F/K/A CERTAIN** | § | |
| **UNDERWRITERS AT LLOYD'S,** | § | **CIVIL ACTION NO. 4:19-cv-968** |
| **LONDON, INDIAN HARBOR** | § | |
| **INSURANCE COMPANY, QBE** | § | |
| **SPECIALTY INSURANCE COMPANY,** | § | |
| **STEADFAST INSURANCE COMPANY,** | § | |
| **GENERAL SECURITY INDEMNITY** | § | |
| **COMPANY OF ARIZONA, UNITED** | § | |
| **SPECIALTY INSURANCE COMPANY,** | § | |
| **LEXINGTON INSURANCE** | § | |
| **COMPANY, OLD REPUBLIC UNION** | § | |
| **INSURANCE COMPANY, AMRISC,** | § | |
| **LLC, AND US RISK, LLC** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Petitioners Defendants CERTAIN UNDERWRITERS AT

LLOYD'S LONDON SUBSCRIBING SEVERALLY to Certificate No. AMR-59923

("Underwriters"), who are some of the Defendants in the above entitled action, through their

counsel of record, without waiving any defenses or objections herein, hereby remove this cause,

bearing Cause Number 2019-10196, from the 133rd Judicial District Court for Harris County,

Texas, to the United States District Court for the Southern District of Texas – Houston Division

pursuant to 28 U.S.C. 1441 and 1446 and would show as follows:

**The State Court Action**

1.      The state court action that is removed to this Court was filed by Plaintiff in the District Court for Harris County, Texas against Defendants, including Certain Underwriters at Lloyd's, London subscribing severally to Certificate 59923 ("Underwriters at Lloyd's, London")[1]. The state court action alleges that Plaintiff owns the properties located at 9889 Harwin, Houston, Texas 77036; 6600 Hornwood, Houston, Texas 77074; 7225 Fannin, Houston, Texas 77030; and 7227 Fannin, Houston, Texas 77030 ("Properties"), insured under a commercial property policy of insurance issued by the Insurer Defendants (all Defendants except Defendants AmRisc, LLC and U.S. Risk, LLC are referred to herein as "Insurer Defendants").   A copy of the Policy is attached as Exhibit 1.   The state court action alleges causes of action for breach of contract, violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing, all relating to property damage to the Properties, allegedly caused by Hurricane Harvey.

2.      Underwriters at Lloyd's London, and the other Insurer Defendants answered the Plaintiff's lawsuit and denied Plaintiff's causes of action.[2]   Insurer Defendants also stated in their Answer that the differences between Plaintiff and Insurer Defendants were to be resolved by arbitration pursuant to the Arbitration clause in the Policy.

**The Insurance Policy**

3.      Insurer Defendants issued a policy of insurance to Plaintiff, which provided commercial property coverage for the properties located at 9889 Harwin, Houston, Texas 77036; 6600 Hornwood, Houston, Texas 77074; 7225 Fannin, Houston, Texas 77030; and 7227 Fannin, Houston, Texas 77030 for the policy period of August 4, 2017 through August 4, 2018, subject to the terms, conditions, covenants, exclusions, sub-limits, and limitations contained in the Policy.

---

[1] Plaintiff's Original Petition is annexed hereto as Exhibit B-1.
[2] Insurer Defendants' Original Answer is annexed hereto as Exhibit B-2.

4.      The Policy contains an Arbitration Clause, which states in pertinent part:

Section VII – CONDITIONS

\* \* \* \*

C.   ARBITRATION CLAUSE:   All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties') in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days or receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matter which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal who may direct to and by whom and in what manner they shall be paid.

> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.
>
> The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential or other damages of a similar nature.
>
> The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

Exhibit "1," pages 29 to 30 of 49.

### Basis for Removal

5.      Removal is based on the Court's federal question jurisdiction under 26 U.S.C. §§ 1441 and 1446 because there is a valid arbitration Agreement that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (the "Convention"), and, thus, the Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203 and 205. In removing this cause, Underwriters at Lloyd's, London specifically preserve and do not waive any defenses, including but not limited to any Rule 12 affirmative defenses.

6.      Both Plaintiff and Insurer Defendants agree that they are parties to the insurance contract referred to as the "Policy" which contains an arbitration clause.[3]  Insurer Defendants, through their counsel, invoked their right to arbitrate all matters in dispute via letter dated February 21, 2019, and requested that Plaintiff join in a referral to arbitration.[4]  Plaintiff, rejected the request for arbitration on March 11, 2019.[5]  The Insurer Defendants' and Plaintiff's refusal to participate in arbitration warrants removal under the Convention.

---

[3] *See* Petition, Exhibit B.1., 17th paragraph, at 6.
[4] Exhibit 2.
[5] See Letter from Gravely & Pearson, Exhibit 3

911337-v1/13407-032000

7.     Underwriters at Lloyd's, London are comprised in part by the following list of citizens of countries other than the United States: [6]

a) Tokio Marine Kiln Syndicate 510 is an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited, registered in England and Wales, and the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales all of which have their principal places of business in London, England.

b) Lloyd's of London Syndicate 1886 is an unincorporated association with its principal office in London, England. QBE Underwriting Limited is the sole corporate name or member of Lloyd's of London Syndicate 1886.    QBE Underwriting Limited is a limited company incorporated in England and Wales, with registered number 01035198, and with the registered address of Plantation Place, 30 Fenchurch, London, England EC3M 3BD.   QBE Underwriting Limited is also the Managing Agent for Lloyd's of London Syndicate 1886.

c)  Hiscox Syndicate 33 is an unincorporated association headquartered in London, England, with members who are registered in England and Wales.

8.     The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As the Supreme Court explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration

---

[6] The below listing is an incomplete list of the Underwriters participating on the risk.  The list is not intended to be exhaustive but merely to show the extent to which entities that are citizens of countries other than the United States are parties to the Arbitration agreement in the Policy.  It is believed the remainder of the Names or members comprising the market subscribing to certificate no. AMR 59923 are primarily comprised of citizens of Contracting States other than the United States.

agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n.15 (1974). Over one hundred countries have signed the Convention, including the United States and the United Kingdom of Great Britain and Northern Ireland. In 1970, Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208 (the "Convention Act") "to establish procedures for our courts to implement the Convention." *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

9.      The Convention Act is part of the Arbitration Act, 9 U.S.C. § 1 *et seq*. Chapter 1 of Title 9 is the Federal Arbitration Act ("FAA"). Chapter 2 of Title 9 is the Convention Act. Section 208 of the Convention Act incorporates the FAA into the Convention Act to the extent the FAA is not inconsistent with the Convention Act or the Convention. *See* 9 U.S.C. § 208.

10.     Federal district courts have original jurisdiction for claims that arise under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1331. Pursuant to 9 U.S.C. § 203, "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States and [t]he district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." When suits raising a federal question are brought in state courts, they may be removed to the federal district court where the action is pending. 28 U.S.C. § 1441(a).

11.     In addition, § 205 provides that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may . . . remove such action or proceedings to the district court of the United States for the district and division embracing the place where the action

or proceeding is pending." 9. U.S.C. § 205. Courts have recognized that this removal provision is one of the broadest. *Acosta v. Master Maint. & Constr.*, 452 F.3d 373, 377 (5th Cir. 2006). The general rule that removal is strictly construed and cautiously granted does not apply in cases involving the Convention because "Congress created special removal rights to channel cases into federal court." *Id.* (quoting *McDermott Int'l v. Lloyds*, 944 F.2d at 1213)).  To remove a case under § 205, there must be (1) the presence of an arbitration agreement or award falling under the Convention and (2) an action or proceeding in state court, the subject matter of which "relates to" that agreement or award. *Acosta*, 452. F.3d at 376; *O'Connor v. Mar. Mgmt. Corp.*, No. CV 16-16201, 2017 WL 1018586, at *2 (E.D. La. Mar. 16, 2017).  A copy of *O'Connor* is attached as Exhibit 4.

12.     Both elements for removal under § 205 are present here.  First, there is an arbitration agreement falling under the Convention. An agreement "falls under" the Convention if these four prerequisites are met: (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a Convention signatory; (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen. *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002); *Viator v. Dauterive Contractors, Inc.*, 638 F. Supp. 2d 641, 646–47 (E.D. La. 2009).[7] Here, factors (1), (2) and (3) are easily met because the insurance policy is a contract between the parties that contains a written arbitration agreement for arbitration to take place in the United States, which is a signatory country. Factor (4) is also met because the Underwriters at Lloyd's, London enumerated in paragraph 7

---

[7] The four-element test for determining whether an agreement falls under the Convention is part of the same test for determining whether the Court should compel the case to arbitration.  *Compare Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005) to *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004).

hereof are citizens of England.  The remaining subscribing Underwriters must also be considered citizens of countries other than the United States. Indeed, ***the Eastern District of Louisiana recently recognized that the Convention applies to Underwriters at Lloyd's, London and that claims involving such insurance policies are removable***.  *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London*, No. CV 18-6192, 2018 WL 4042874, at *4–5 (E.D. La. Aug. 24, 2018) (analyzing substantially the same insurance policy at issue in this case).  A copy of *Port Cargo Serv.* is attached as Exhibit 5.  Therefore, the arbitration agreement falls under the Convention.  *See also, VVG Real Estate Investment v. Underwriters at Lloyd's, London*, 317 F.Supp.3d 1199 (S.D. Fla. 2018) (Lloyd's at London Syndicate 2001, whose sole corporate member was Amlin Corporate Member, Ltd., registered in England and Wales, found to be a citizen of England for purposes of the Convention.)

13.    Second, there is an action in state court that relates to the arbitration agreement. The state court litigation relates to the arbitration clause if the litigation has a connection, relation, or reference to the arbitration clause at issue.  *Acosta*, 452 F.3d at 376. Disputes over insurance coverage are "almost by definition" related to insurance policy arbitration clauses. *Id.* Therefore, Plaintiff's state action relates to the arbitration agreement, and removal is proper. *Port Cargo Serv.*, 2018 WL 4042874, at *4–5.

### Timeliness of Removal

14.    Section 205 of the New York Convention expressly states that the case may be removed "at any time before trial." *See Tiensch v. Plus Sms Holdings*, No. A-09-CA-334 LY, 2009 WL 10669495, at *8 (W.D. Tex. June 25, 2009) (rejecting Plaintiff's contention that Defendants had waived removal by engaging in state court litigation because the applicable removal statute permits a suit to be removed any time before trial).  A copy of *Tiensch* is attached as Exhibit 6.

S*ee also Dahiya v. Talmidge Int'l, Ltd*., 371 F.3d 207, 208 (5th Cir. 2004) (noting that, although a delay of more than 30 days would ordinarily preclude removal under 28 U.S.C. § 1446(b), Section 205 allows removal at any time prior to trial). Thus, removal is timely.

### Consent to Removal by All Insurer Defendants

15.     As set forth in Exhibit 7 attached hereto, all other Insurer Defendants, i.e. Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company and Old Republic Union Insurance Company consent to the removal of this action.  As set forth in Exhibit 8 attached hereto, Defendant U.S. Risk, LLC has consented to removal.  As set forth in Exhibit 9 attached hereto, Defendant AmRisc, LLC has consented to removal.  Although unanimity of consent exits in this case, consent of the other defendants is not actually required when a foreign party removes under the Convention.  *See e.g., Arango v. Guzman Advisors Corp.*, 621 F.2d 1371 (5th Cir. 1980) (international party has right to remove regardless of any other party's consent).  *See also, Simmons v Sabine River Authority of La*., 823 F.Supp.2d 420, 427 (S.D. La.2011) ("[c]ourts in this Circuit have . . . concluded that 'the general rule of unanimity (that all defendants join in the removal), with no time requirement, does not apply to removals under the Convention.)

### Notice to Others

16.     In accordance with 28 U.S.C. § 1446(d), Underwriters at Lloyd's, London will promptly give notice to all parties in writing, and shall file a copy of the notice of filing of notice of removal with the Clerk of the state court.

**WHEREFORE**, Defendants Underwriters at Lloyd's London doing business as Certain Underwriters at Lloyd's London (who should have been named Certain Underwriters at Lloyd's,

London subscribing severally to Certificate No. 59923) hereby remove this action from the District Court for Harris County, Texas to the United States District Court for the Southern District of Texas – Houston Division.

Respectfully submitted this 15th day of March, 2019.

Respectfully submitted,

/s/  *Carter L. Ferguson*
Carter L. Ferguson
State Bar No. 06909500
Fed. ID Number 33538
cferguson@belaw.com
J. Heath Coffman
State Bar No. 24059591
Federal I.D. No. 889906
hcoffman@belaw.com

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, TX  76102
817.338.1700
817.870.2265 facsimile

ATTORNEYS FOR DEFENDANTS THOSE CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING SEVERALLY TO CERTIFICATE NUMBER AMR-59923, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record pursuant to the applicable Federal Rules of Civil Procedure as follows:

### *VIA ELECTRONIC FILING AND SERVICE*

Matthew R. Pearson
GRAVELY & PEARSON, LLP
425 Soledad, Suite 600
San Antonio, Texas 78205
Email:  mpearson@gplawfirm.com

Thomas B. Alleman
Dykema Gossett PLLC
1717 Main, Suite 4200
Dallas, Texas 75201
Email:  talleman@dykema.com

Scott A. Shanes
Clark Hill Strasburger
2600 Dallas Parkway, Suite 600
Frisco, TX 75034
Email:  scott.shanes@clarkhillstrasburger.com

DATED this 15th day of March, 2019.

/s/ *Carter L. Ferguson*
Carter L. Ferguson