2/11/2019 9:25 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31077283
By: Nelson Cuero
Filed: 2/11/2019 9:25 AM

CAUSE NO. _____

| | | |
|---|---|---|
| BHANDARA FAMILY LIVING TRUST | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| UNDERWRITERS AT LLOYD'S, LONDON F/K/A CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, AMRISC, LLC, AND US RISK, LLC | § § § § § § § § § § § § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## **PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, BHANDARA FAMILY LIVING TRUST files this Original Petition against Defendants, UNDERWRITERS AT LLOYD'S, LONDON F/K/A CERTAIN UNDERWRITERS AT LLOYD'S, LONDON ("UNDERWRITERS AT LLOYDS" or "Insurance Defendant"), INDIAN HARBOR INSURANCE COMPANY ("INDIAN HARBOR" or "Insurance Defendant"), QBE SPECIALTY INSURANCE COMPANY ("QBE" or "Insurance Defendant"), STEADFAST INSURANCE COMPANY ("STEADFAST" or "Insurance Defendant"), GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA ("GENERAL SECURITY" or "Insurance Defendant"), UNITED SPECIALTY INSURANCE COMPANY ("UNITED SPECIALTY" or "Insurance Defendant"), LEXINGTON INSURANCE COMPANY

Certified Document Number: 83823834 - Page 1 of 12

EXHIBIT B-1

("LEXINGTON" or "Insurance Defendant"), OLD REPUBLIC UNION INSURANCE COMPANY ("OLD REPUBLIC" or "Insurance Defendant"), AMRISC, LLC ("AMRISC" or "Broker Defendant") and US RISK, LLC ("US RISK" or "Broker Defendant"), and for causes of action would respectfully show the Court the following:

## I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

## II. VENUE

Venue is appropriate in HARRIS County, Texas because all or part of the conduct giving rise to the causes of action were committed in HARRIS County, Texas and Plaintiff and property which is the subject of this suit are located in HARRIS County, Texas.

## III. PARTIES

Plaintiff BHANDARA FAMILY LIVING TRUST is a family living trust and owns the Properties that is subject of this lawsuit.

The Insurance Defendants and Broker Defendants are in the business of insurance in the State of Texas. The insurance business done by Insurance Defendants in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, UNDERWRITERS AT LLOYD'S, LONDON F/K/A CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, is an alien surplus lines insurance company regularly engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit.  Underwriters at Lloyd's regularly and systematically conducts the business of insurance in the State of Texas but does not maintain an agent for service.  Accordingly, they may be served with process by serving Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701, via certified mail, return receipt requested, who can forward process to Edward T. Smith, Esq. at Mendes & Mount, LLP, 750 Seventh Avenue, New York, NY 10019-6829.

Defendant, INDIAN HARBOR INSURANCE COMPANY, is a foreign surplus lines insurance company regularly engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit.  Indian Harbor regularly and systematically conducts the business of insurance in the State of Texas but does not maintain an agent for service.  Accordingly, they may be served with process by serving Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701, via certified mail, return receipt requested, who can forward process to Toni Ann Perkins, Vice President, XL America, Inc., 70 Seaview Avenue, Ste. 1, Stamford, CT 06902-6040.

Defendant, QBE SPECIALTY INSURANCE COMPANY, is a foreign surplus lines insurance company regularly engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit.  QBE regularly and systematically conducts the business of insurance in the State of Texas but does not maintain an agent for service.  Accordingly, they may be served with process by serving Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701, via certified mail, return receipt requested, who can forward process to Russell Johnston, CEO, 1 General Dr., Sun Prairie, WI 53596-0001.

Defendant, STEADFAST INSURANCE COMPANY, is a foreign surplus lines insurance company regularly engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Steadfast regularly and systematically conducts the business of insurance in the State of Texas. Accordingly, this Defendant may be served by serving its Registered Agent for Service: Corporation Service Company, 211 E 7th St., Suite 620, Austin, Texas 78701-3218, via certified mail, return receipt requested.

Defendant, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, is a foreign surplus lines insurance company regularly engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. General Security regularly and systematically conducts the business of insurance in the State of Texas but does not maintain an agent for service. Accordingly, they may be served with process by serving Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701, via certified mail, return receipt requested, who can forward process to Maxine Hilary Verne, Senior VP, Corporate Secretary and General Counsel, 199 Water Street, Suite 2100, New York, NY 10038-3526.

Defendant, UNITED SPECIALTY INSURANCE COMPANY, is a foreign surplus lines insurance company regularly engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. United Specialty regularly and systematically conducts the business of insurance in the State of Texas but does not maintain an agent for service. Accordingly, they may be served with process by serving Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701, via certified mail, return receipt requested, who can forward process to Terry Ledbetter, Chairman and CEO, 1900 L Don Dodson Drive, Bedford, Texas 76021.

Defendant, LEXINGTON INSURANCE COMPANY, is a foreign surplus lines insurance company regularly engaged in the business of insurance in Texas, operating for the purpose of

accumulating monetary profit. Lexington regularly and systematically conducts the business of insurance in the State of Texas but does not maintain an agent for service. Accordingly, they may be served with process by serving Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701, via certified mail, return receipt requested, who can forward process to John M. Artesani, Executive Vice President and COO, 99 High St., Floor 23, Boston, MA 02110-2378.

Defendant, OLD REPUBLIC UNION INSURANCE COMPANY, is a foreign surplus lines insurance company regularly engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Lexington regularly and systematically conducts the business of insurance in the State of Texas but does not maintain an agent for service. Accordingly, they may be served with process by serving Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701, via certified mail, return receipt requested, who can forward process to Karl William Mueller, Senior VP and CFO, 307 N. Michigan Ave., Chicago, IL 60601.

Defendant, AmRisc, LLC, is a foreign limited liability company doing business in the State of Texas licensed with the Texas Department of Insurance. Accordingly, this Defendant may be served by serving its Registered Agent for Service: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, via certified mail, return receipt requested.

Defendant, US Risk, LLC, is a company doing business in the State of Texas. US Risk regularly and systematically conducts business in the State of Texas but does not maintain an agent for service. Accordingly, they may be served with process by serving its Vice President/Senior Broker, Patricia Sutton, 8401 N. Central Expressway, Suite 1000, Dallas, Texas 75225, via certified mail, return receipt requested.

Certified Document Number: 83823834 - Page 5 of 12

## IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's property from Hurricane Harvey in August 2017. Plaintiffs seek damages for breach of contract, violations of the Texas Insurance Code, and common law bad faith. Plaintiff also seeks their attorney's fees, compensatory damages, enhanced damages, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.

## V. BACKGROUND FACTS

Plaintiff owns properties located at 9889 Harwin, Houston, Texas 77036, 6600 Hornwood, Houston Texas 77074, 7225 Fannin, Houston, Texas 77030 and 7227 Fannin, Houston, Texas 77030. The properties are covered by a policy of insurance. Each of the Insurance Defendants participate in the coverages under the Policy through a Contract Allocation Endorsement. The Policy covered Plaintiff's properties against loss by wind and water damage.

Upon information and belief, the Broker Defendants were involved in developing the insurance coverages and selling portions of the risk to the Insurance Defendants who, in turn, provide coverage under the Policy pursuant to the Contract Allocation Endorsement.

As a consequence of Hurricane Harvey, Plaintiff's properties sustained extensive damage on or about August 2017.

Plaintiff gave timely notice to the Insurance Defendants.

The Insurance Defendants assigned the claim to adjusters to investigate, report on and adjust the loss.

Plaintiff provided information to the adjusters and opportunities for the adjusters to inspect the properties.

The Insurance Defendants have failed and refused to pay Plaintiff in accordance with their promises under the Policy and have wrongfully denied Plaintiff's claim.

## VI. CLAIMS AGAINST THE INSURANCE DEFENDANTS

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provide coverage for the cost to repair the damaged properties and personal property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Insurance Defendants.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Insurance Defendants and their agents constitute a breach and/or anticipatory breach of Defendants' contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, Plaintiff brings an action for breach of contract against Defendants pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, the Insurance Defendants were engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Insurance Defendants and their agents constitute one or more violations of the Texas Insurance Code. More specifically, Insurance Defendants have, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.
2. Insurance Code § 541.060:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by Insurance Defendants, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Insurance Defendants have also violated the Prompt Payment Act, and Plaintiff seeks damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

"**Common Law Bad Faith.**" Plaintiff re-alleges the foregoing paragraphs. Insurance Defendants have refused to pay or delayed in paying a claim after liability has become reasonably clear. Insurance Defendants have refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, Insurance Defendants have "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to their property as a result of Insurance Defendants refusal to honor the Policy. Insurance Defendants are well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

### VII. CLAIMS AGAINST BROKER DEFENDANTS, AMRISC LLC AND US RISK LLC

Amrisc and US Risk prepared a proposal to Plaintiff for the Policy and insurance coverages at issue in this lawsuit. In the proposal, the Broker Defendants described the various coverages, exclusions, deductibles and limitations of the Policy. However, the Broker Defendants failed to disclose and/or intentionally omitted a critical provision of Policy that dramatically alters Plaintiff's rights in the event of a covered loss. Specifically, the Policy includes a unique and extremely onerous Arbitration Clause. In the event there is a dispute regarding a loss, the Arbitration Clause states that the dispute must be submitted to an Arbitration Tribunal made up of persons "employed or engaged in a senior position in Insurance underwriting or claims." In other words, instead of submitting the dispute to a jury or neutral fact finder, the Arbitration Clause requires the dispute be decided by the Defendants' co-workers or colleagues. The Arbitration Clause also gives the Tribunal discretion to determine who is responsible for their compensation. The most egregious provision in the Arbitration Clause states that New York law applies and that the arbitration shall take place in New York, despite the fact that Plaintiff is a citizen and resident of the State of Texas and all properties are located in Houston, Texas.

The overall effect of the Arbitration Clause is that Plaintiff has no legitimate means to contest or challenge the coverage and payment determination of the Insurance Defendants in the event of a loss such as the one Plaintiff suffered as a result of Hurricane Harvey. This provision should have been disclosed to Plaintiff by the Broker Defendants. Had it been disclosed to Plaintiff, they would not have purchased the Policy at issue.

The Broker Defendants' conduct violates several provisions of Insurance Code Sections 541.051 and 541.061 by misrepresenting by omission the Arbitration Clause of the policy. As a result of the Broker Defendants conduct, Plaintiff suffered damages including, without limitation,

actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were made "knowingly," entitling Plaintiff to seek up to treble damages pursuant to the Insurance Code. In addition, Plaintiff is entitled to reasonable and necessary attorney's fees incurred as a result of these violations under Section 541.152.

## VIII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## IX. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

## X. REQUEST FOR DISCLOSURE TO ALL DEFENDANTS

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants provide the information required in a Request for Disclosure.

## XI. REQUESTS FOR PRODUCTION TO THE INSURANCE DEFENDANTS

Produce the complete claim file for Plaintiff's property relating to or arising out of the loss made the basis of this suit.

Produce the complete underwriting file for Plaintiff's property which is the subject of this suit.

Produce all emails, notes, and other forms of communication between Defendants, its agents, adjusters, employees, or representatives relating to, mentioning, concerning or evidencing Plaintiff's property which is the subject of this suit.

Produce the application for insurance and any notes, logs, statements or inspections created or produced during the application process of the Policy at issue in this suit.

Certified Document Number: 83823834 - Page 10 of 12

## XII. Prayer

WHEREFORE, Plaintiff seeks the following relief:

A. The Court's declaration that the Policy provides coverage for the damage to the property, less only a deductible;

B. Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C. Damages against Insurance Defendants for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses, enhanced damages and costs of court;

D. Damages against All Defendants for violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

E. Damages against Insurance Defendants, for common law breach of the duty of good faith and fair dealing, including actual damages, consequential damages, exemplary damages and pre- and post-judgment interest;

F. Damages for violations of the Prompt Payment Act; and

G. Plaintiff also seeks all other financial relief and rulings to which they may be legally or equitably entitled.

Respectfully submitted,

*[signature: Matthew R. Pearson]*

MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@gplawfirm.com
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110
**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 83823834 - Page 12 of 12

12



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 12, 2019

Certified Document Number:        83823834 Total Pages:  12

*Marilyn Burgess* (signature)

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**