IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BHANDARA FAMILY LIVING TRUST, § § Plaintiff, § § v. § § UNDERWRITERS AT LLOYD'S, § LONDON F/K/A CERTAIN § UNDERWRITERS AT LLOYD'S, § LONDON, INDIAN HARBOR § INSURANCE COMPANY, QBE § SPECIALTY INSURANCE COMPANY, § STEADFAST INSURANCE COMPANY, § GENERAL SECURITY INDEMNITY § COMPANY OF ARIZONA, UNITED § SPECIALTY INSURANCE COMPANY, § LEXINGTON INSURANCE COMPANY, § OLD REPUBLIC UNION INSURANCE § COMPANY, AMRISC, LLC, AND US § RISK, LLC, § § Defendants. § | CIVIL ACTION NO. 4:19-cv-968 |

**INSURER DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE OPPOSING INSURER DEFENDANTS' OPPOSED MOTION FOR PROTECTIVE ORDER FROM DISCOVERY SERVED WHILE THE COURT'S RULING ON ARBITRATION IS PENDING**

Insurer Defendants respectfully submit this Reply to Plaintiff's Response Opposing Insurer Defendants' Motion for Protective Order from Discovery Served While the Court's Ruling on Arbitration is Pending and would show as follows:

### I. THE SOUTHERN DISTRICT OF TEXAS RECENTLY HELD THAT DISCOVERY SHOULD BE STAYED WHILE THE COURT CONSIDERS WHETHER TO COMPEL ARBITRATION UNDER THE CONVENTION

The same issues present in this motion were litigated recently in Judge Eskridge's Court in Civil Action No. 4:19-cv-00974, *5556 Gasmer Management, LLC v. Certain Underwriters at*

*Lloyd's London Subscribing Severally to Certificate No. AMR-54038-02, et al.* In *Gasmer*, the Insurer Defendants moved to compel arbitration under the United Nations Convention on the Recognition and Enforcement on Foreign Arbitral Awards (the "Convention").[1] The plaintiff insured served the same basic discovery, and the parties made the same arguments for and against staying discovery while the Court's ruling on arbitration was pending.[2] Judge Eskridge determined that all discovery should be stayed pending the Court's ruling on arbitration:[3]

> Responding to such discovery will entail burden and expense. This Court "has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F2d 581, 584 (5th Cir 1987). Discovery on the merits should proceed before the body deciding the underlying claim. Discovery should not proceed in federal court unless and until the Court's jurisdiction is assured.

Because this case is no different than *Gasmer*, the Court should follow Judge Eskridge's reasoning in staying discovery while the motion to compel arbitration is pending.

## II. FEDERAL CASE LAW SUPPORTS THE ISSUANCE OF A PROTECTIVE ORDER WHILE A MOTION TO COMPEL ARBITRATION IS PENDING

In response to the Motion for Protective Order, Bhandara cites three cases from other courts where the courts have purportedly allowed discovery to proceed while a motion to compel arbitration is pending.[4] None of the cases are persuasive. First, the court in *Campanile Investments LLC v. Westmoreland Equity Fund LLC* allowed discovery while the Court took the motion to compel arbitration under advisement, but it did so with no analysis under Rule 26(c) because ***the***

---

[1] App. 037–055 (Exhibit I).

[2] *Id.*; App. 056–084 (Exhibit J).

[3] App. 085–86 (Exhibit K).

[4] Response Br. [Doc #27], at 3.

***resisting party never moved for a protective order while arbitration was pending***.  No. SA-17-CV-00337-FB, 2019 WL 1865287, at *1 (W.D. Tex. Apr. 25, 2019).[5]  Likewise, the court in *Tominack v. Capouillez* overruled Defendants' procedural objections to discovery, but it did so without Defendants moving for a Rule 26(c) protective order while arbitration was pending.  No. 5:13-CV-121, 2013 WL 6672797, at *1 (N.D.W. Va. Dec. 18, 2013).[6]

The only case that Bhandara cites that involves any substantive arguments for a motion for protective order while arbitration is pending is *Flecha v. Neighbors Moving Services, Inc.*, 944 F. Supp. 2d 1201 (S.D. Fla. 2013).[7]  There, the court allowed discovery to proceed while arbitration was pending, reasoning primarily that if the Court later denied the motion to compel arbitration and the case remained in the federal court, the case management deadlines would have to be extended because there was little time left for discovery.  *Id.* at 1203.  But that reasoning does not apply here because there are no circumstances where the Court will retain jurisdiction over the matter.  This case was removed to federal court because the parties' arbitration clause was subject to the Convention."[8]  If the arbitration clause is enforceable, the Court will compel the case to arbitration.  However, if the arbitration clause is unenforceable, there is no basis for federal jurisdiction, the case will be remanded, and all discovery will take place in state court.  *See Ruiz*

---

[5] App. 126–27 (Exhibit Q).  Upon review of the docket sheet, Plaintiffs moved to compel answers to interrogatories and request for production.  App. 087–103 (Exhibit L).  Defendant's apparent only argument for resisting discovery was that Plaintiffs did not fully answer his discovery.  App. 104–114 (Exhibit M).  Defendant, who was *pro se*, never filed a response to the motion to compel.  App. 087–103 (Exhibit L).

[6] App. 128–32 (Exhibit R).  Rather than filing a motion for protective order, Defendants filed a bare-bones motion to stay discovery.  App. 115–19 (Exhibit N).  Moreover, Defendants filed this motion *after* responding to discovery.  *Id*.

[7] Bhandara also cites *Stanissis v. Dynacorp International, LLC*, but *Stanissis* deals with a motion to stay discovery pending a ruling on a 12(b)(6) motion to dismiss, which is not the situation here.  No. 3:14-CV-2736-D, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014).  App. 133–34 (Exhibit S)

[8] Notice of Removal [Doc. #1].

*v. Carnival Corp.*, 754 F. Supp. 2d 1328, 1331 (S.D. Fla. 2010) ("Absent a valid arbitration clause under the Convention, this Court lacks subject matter jurisdiction over this action.").

Moreover, the *Flecha* case does not overrule or distinguish the multiple cases cited by Insurance Defendants that hold that a court should stay discovery while it decides a motion to compel arbitration.[9] As the Fourth Circuit noted, "[a] party confronted with a claim of arbitrability may pursue an order insulating it from discovery that could not be had if the underlying claim is properly the subject of arbitration." *Maxum Foundations, Inc. v. Salus Corp.*, 779 F.2d 974, 983 (4th Cir. 1985). Therefore, the Court should follow the greater weight of authority and stay discovery while the Insurer Defendants' Motion to Compel Arbitration is pending.

### III.  PLAINTIFF HAS NO BASIS FOR ITS REMAINING ARGUMENTS

After citing a handful of cases that do not apply to the situation, Bhandara next makes several scattershot arguments for denying the motion for protection. First, Bhandara argues that the discovery requests do no more than ask for the same information required by the Rule 26(a)(1) disclosures and that the Insurer Defendants should have to answer these requests since the Insurer Defendants supposedly failed to adequately complete their disclosures.[10] But even if Bhandara is correct that the disclosures are inadequate (and Bhandara is not), its remedy is a motion to compel the disclosures—and not the issuance of duplicative interrogatories. *See Sistrunk v. Haddox*, No. 18-CV-0516, 2019 WL 626141, at *1 (W.D. La. Feb. 13, 2019) ("If Plaintiffs are dissatisfied with a party's response to interrogatories or requests for production, Plaintiffs' remedy is to file a

---

[9] Insurer Defendants' Opposed Motion for Protective Order [Doc #29]. Admittedly, there is little case law on the subject because most motions to stay discovery pending arbitration are denied as moot because they are decided at the same time as the motion to compel arbitration. *See, e.g., James v. Conceptus, Inc.*, 851 F. Supp. 2d 1020, 1039 (S.D. Tex. 2012).

[10] Response Br. [Doc #27], at 4–5.

motion to compel, not complicate the discovery process with duplicative Rule 45 subpoenas requesting the same information.").[11]

Second, Bhandara argues that the Insurer Defendants failed to meet their burden to demonstrate that the discovery requests are unduly burdensome since it would only take 70 hours to respond to them.[12] But any amount of hours can be unduly burdensome if Bhandara has no need for the information, and Bhandara does not need the information since the case will either be compelled to arbitration or remanded to state court. *See Perforaciones Exploracion Y Produccion v. Seacor Holdings Inc*, No. CV G-05-419, 2007 WL 9718287, at *2 (S.D. Tex. July 23, 2007) ("Plaintiffs have not convinced the Court that they need this information, and expending man hours to produce documents that are unnecessary is an undue burden and expense.").[13] Moreover, the greater undue burden is not the hours spent but "losing the benefits of arbitration should discovery continue and they [the defendants] prevail on their motion to compel arbitration." *Brown v. CMH Mfg., Inc.*, No. CIV.A. 2:13-31404, 2014 WL 2973349, at *2 (S.D.W. Va. July 2, 2014).[14]

Finally, Bhandara argues that there is no burden to Insurer Defendants since the discovery requests will be served in the arbitration if it is compelled.[15] Such an argument, though, is not only speculative but is contrary to the weight of federal case law determining that it is proper to stay discovery while a motion to compel arbitration is pending. *See* discussion *supra* Part II. Moreover, this argument is contrary to Bhandara's agreement that discovery should be conducted

---

[11] App. 135 (Exhibit T)

[12] Response Br. [Doc. #27], at 5–6.

[13] App. 120–22 (Exhibit O)

[14] App. 123–25 (Exhibit P)

[15] Responsive Br. [Doc. #27], at 6–7.

before an Arbitration Tribunal, not a federal court.[16]  Therefore, the Court should stay all discovery pending its decision on the Motion to Compel Arbitration.

## CONCLUSION

For the reasons stated, the Insurer Defendants respectfully request that the Court grant their Motion for Protective Order From Discovery Served While the Court's Ruling on Arbitration is Pending and order that the Insurer Defendants' do not have to respond to Bhandara's First Set of Interrogatories to Defendants, First Request for Production to Defendants, or any other discovery on the merits while the Court is considering Defendants' motions to compel arbitration.

Respectfully submitted,

/s/  Carter L. Ferguson
Carter L. Ferguson
State Bar No. 06909500
SDTX No. 33538
cferguson@belaw.com
J. Heath Coffman
State Bar No. 24059591
SDTX No. 889906
hcoffman@belaw.com

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, TX  76102
817.338.1700
817.870.2265 facsimile

ATTORNEYS FOR DEFENDANTS THOSE CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING SEVERALLY TO CERTIFICATE NUMBER AMR-59923, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY

---

[16] Insurance Policy [Doc. #1-1], at 30.

OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, AND OLD REPUBLIC UNION INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2019, the foregoing Opposed Motion for Protective Order from Discovery Served While the Court's Ruling on Arbitration is Pending was electronically filed with the Clerk of Court using the CM/ECF system which will provide notice of such filing to all counsel of record.

**Via Electronic Filing**

Matthew R. Pearson
Valerie L. Cantu
PEARSON LEGAL PC
425 Soledad, Suite 600
San Antonio, Texas 78205
Email:  mpearson@pearsonlegalpc.com
Email:  vcantu@pearsonlegalpc.com

Thomas B. Alleman
Kyle Owens
DYKEMA GOSSETT PLLC
1717 Main, Suite 4200
Dallas, Texas 75201
Email:  TAlleman@dykema.com
Email:  KOwens@dykema.com

Scott A. Shanes
Sarah N. Wariner
CLARK HILL STRASBURGER
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034
Email:  scott.shanes@clarkhillstrasburger.com
Email:  Sarah.wariner@clarkhillstrasburger.com

DATED this 12th day of December 2019.

/s/ *Carter L. Ferguson*
Carter L. Ferguson