IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BHANDARA FAMILY LIVING TRUST | § § | |
| Plaintiff, | § § | |
| v. | § § § | |
| UNDERWRITERS AT LLOYD'S, LONDON F/K/A CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, AMRISC, LLC, AND US RISK, LLC | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:19-cv-00968 |
| Defendants. | § § | |

**PLAINTIFF'S RESPONSE TO THE INSURER DEFENDANTS'
NOTICE OF RECENT AUTHORITY**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff BHANDARA FAMILY LIVING TRUST ("Bhandara") files this Response to the Insurer Defendants' Notice of Recent Authority (Doc. No. 36) and respectfully shows the Court the following:

In the instant case, Bhandara filed its Response Opposing the Insurer Defendants' Motion to Compel Arbitration and Motion to Stay or Dismiss These Proceedings ("Response"). Doc. No. 16. In its Response, Plaintiff argued, in part, that the Arbitration Clause at issue is null and void, inoperable or incapable of being performed because it is both procedurally and

substantively unconscionable and against public policy as communicated by the Texas Legislature in enacting the Texas Insurance Code. The recent opinion filed by the Insurer Defendants, Order on Motion to Compel Arbitration entered in *Corpus Christi Island Apartment Villas Management Group, LLC v. Underwriters at Lloyd's, London*; Case No. 2:19-cv-01888 (S.D. Tex. Oct. 28, 2019) (the "*Island Villas* opinion"), does not address or base its ruling on any factual or legal analysis regarding whether the specific arbitration provision at issue in the *Island Villas* opinion was unconscionable or in violation of public policy of the State of Texas, and therefore, null and void. Accordingly, the *Island Villas* opinion offers no substantive legal analysis or binding authority regarding the foregoing issues of the instant case.

In addition, as part of Bhandara's Response, Bhandara asserts that the arbitration clause at issue in the instant suit does not apply to the Broker Defendants. By contrast, the *Island Villas* plaintiff never raised this issue for the trial court's determination and ruling. Accordingly, the *Island Villas* opinion offers no substantive legal analysis or binding authority regarding the foregoing issue of the instant case.

Based on the above, the *Island Villas* opinion is not instructive nor dispositive of the issues raised in the instant case.

Respectfully submitted,

*/s/ Matthew R. Pearson*

MATTHEW R. PEARSON
State Bar No. 00788173
Email: mpearson@gplawfirm.com
VALERIE L. CANTU
State Bar No. 24012498
Email: vcantu@gplawfirm.com

GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I certify that on January 8, 2020, a true and correct copy of the foregoing was forwarded to all other counsel of record, as listed below, through the electronic case filing system of the United States District Court for the Southern District of Texas:

Carter Ferguson
Brackett & Ellis, P.C.
100 Main Street
Fort Worth, Texas  76102-3090
*Counsel for Insurer Defendants*

Thomas B. Alleman
Dykema Gossett PLLC
1717 Main, Suite 4200
Dallas, Texas 75201
*Counsel for Defendant US Risk LLC*

Scott A. Shanes
Sarah N. Wariner
Clark Hill Strasburger
2600 Dallas Parkway, Suite 600
Frisco, Texas  75034
*Counsel for Defendant AmRisc, LLC*

MATTHEW R. PEARSON